422 F.2d 360
 In re GRAND JURY PROCEEDINGS, Bernard Shane, Witness,
Preston Komins, Witness, Arthur Barrett, Witness, (Grand
Jury of 1/20/69-- Judge Clary) Sandra Hale Levinson,
Witness, Nathan H. Schwerner, Witness, Sandra Hale Levinson
and Nathan H. Schwerner, Appellants.
 No. 18317.
 United States Court of Appeals, Third Circuit.
 Argued Dec. 5, 1969.
Decided March 3, 1970.
 
 Henry W. Sawyer, III, Drinker, Biddle & Reath, Philadelphia, Pa., for appellants.
 Brandon Alvey, Sp. Atty., U.S. Dept. of Justice, Washington, D.C., for appellee.
 Before GANEY, SEITZ and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the district court denying a motion to quash a subpoena duces tecum.
 
 
 2
 An advertisement was placed in the New York Times by a group denominated as the International Committee to Defend Eldridge Cleaver. The advertisement solicited support and money for the legal defense of Cleaver. As part of a grand jury investigation of possible mail fraud violations, a subpoena duces tecum was served on the appellant Levinson as Chairman and the appellant Schwerner as Treasurer of the Committee. The appellants filed with the district court a document labeled a motion to quash in which they prayed that the court quash those portions of the subpoenas requiring production of any documents tending to reveal the names of any contributors, associates or collaborators (other than paid employees of the Committee) and issue an order restricting the scope of the interrogation to the same extent. The district court entered an order without opinion denying the motion. This appeal followed and a stay was granted pending its determination.
 
 
 3
 The Government challenges the appealability of the order denying the motion to quash. However, at the argument on appeal, the Government, in effect, stated that it would modify its subpoena to the extent requested in appellants' motion to quash. In these circumstances we need not resolve the appealability issue because we think the appeal is moot and should be dismissed on that ground.
 
 
 4
 Appellants contend that the appeal is not moot because they also orally requested the district court to stop all grand jury proceedings by the Government until a showing of probable cause of mail fraud was made to a judge, ex parte. This application, which in our view amounted to a request for an injunction, was never properly formalized in the manner contemplated by the rules of civil procedure. Moreover, the district court order here appealed does not address itself to any such application but merely denies the motion to quash. On this record we can neither say that the district court was required to rule on appellants' oral application nor that it did rule on it. It follows that the subject matter of the oral application is not within the scope of this appeal.
 
 
 5
 The appeal will be dismissed on the ground of mootness.
 
 
 6
 GANEY, Circuit Judge, (concurring).
 
 
 7
 While I am in agreement as to the result here reached, I would not make disposition of the issues raised by the appellants as the majority does, by its holding, 'The appeal will be dismissed on the ground of mootness.' The question of mootness here made decisive of the issues raised applies only to the Government's change of position by its acceding to the appellants' contention that they should not be forced to disclose the names of the contributors to or members of the Committee, which the broad subpoena required.[1] The appellants here seek broad relief contending that the subpoena should be quashed in toto and the Government enjoined from proceeding into the investigation at the threshold. However, since the issuance of the subpoena duces tecum all the moving papers following were captioned 'Motion to Quash Subpoena' and the order appealed from stated, 'And now, this 14th day of November, 1969, after hearing and argument, the subpoena duces tecum in the above captioned matter is quashed.'
 
 
 8
 Since the controversy of revealing the names of the persons in connection herewith is ended, by the Government's agreement not to require then under the subpoena, the appellants must appear before the grand jury with the documents requested thereunder and then claim any Constitutional safeguards, if any they have as to them, and any others they may assert and the court at that time will then make decision as to such claims.
 
 
 9
 Accordingly, in my judgment, the plain answer to the appellants' contentions then is that orders denying motions to quash grand jury subpoenas duces tecum are interlocutory and not subject to appellate review. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940).
 
 
 
 [1]
 Pertinent part of the subpoena reads:
 '1. Records, documents and books of account reflecting receipts of the International Committee to Defend Eldridge Cleaver, including but not limited to bank deposit slips, bank statements, journals, cash receipt books and ledgers.
 '2. Records, documents and books of account reflecting expenditures and disbursements of the International Committee to Defend Eldridge Cleaver, including but not limited to canceled checks, check stubs, statements, bills and invoices received from persons and entities transacting business with and performing services for said Committee, journals, cash disbursement books and ledgers.
 '3. Copies of letters of solicitation and statements prepared for publication by press, radio, television or other media seeking and soliciting and for the purpose of seeking and soliciting contributions.'